ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/8/07

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>OXYCONTIN ANTITRUST LITIGATION | 04-md-1603 (SHS)<br>This document relates to: |
| PURDUE PHARMA L.P.,<br>THE P.F. LABORATORIES, INC., and<br>PURDUE PHARMACEUTICALS L.P.,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>    v.<br><br>KV PHARMACEUTICAL COMPANY and<br>ACTAVIS TOTOWA LLC,<br><br>    Defendants and Counterclaim Plaintiffs,<br><br>    v.<br><br>THE PURDUE FREDERICK COMPANY,<br>THE PURDUE PHARMA COMPANY, and<br>EUROCELTIQUE S.A.,<br><br>    Counterclaim Defendants. | Civil Action No.: 1:07 Civ. 03972 (SHS) |
| PURDUE PHARMA L.P.,<br>THE P.F. LABORATORIES, INC., and<br>PURDUE PHARMACEUTICALS L.P.,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>    v.<br><br>KV PHARMACEUTICAL COMPANY,<br><br>    Defendant and Counterclaim Plaintiff,<br><br>    v.<br><br>THE PURDUE FREDERICK COMPANY,<br>THE PURDUE PHARMA COMPANY, and<br>EUROCELTIQUE S.A.,<br><br>    Counterclaim Defendants. | Civil Action No.: 1:07 Civ. 03973 (SHS)<br><br>Civil Action No.: 1:07 Civ. 04810 (SHS) |

|  |  |
|---|---|
| PURDUE PHARMA L.P., <br> THE P.F. LABORATORIES, INC., and <br> PURDUE PHARMACEUTICALS L.P., <br><br> Plaintiffs, <br><br> v. <br><br> MALLINCKRODT INC., <br><br> Defendant. | Civil Action No. 1:06 Civ. 13095 (SHS) <br><br> THIS DOCUMENT WAS FILED ELECTRONICALLY VIA CM/ECF <br><br> [PROPOSED] PROTECTIVE ORDER UNDER RULE 26(c) |

Upon stipulation of counsel for plaintiffs and counterclaim defendants Purdue Pharma L.P., The P.F. Laboratories, Inc. and Purdue Pharmaceuticals L.P. (collectively "Plaintiffs") and counterclaim defendants The Purdue Frederick Company, The Purdue Pharma Company and Euroceltique S.A. (with Plaintiffs, collectively "Purdue") and defendant Mallinckrodt Inc. ("Mallinckrodt") ~~and defendants and counterclaim plaintiffs KV Pharmaceutical Company ("KV")~~ and, the consent of Actavis Totowa LLC ("Actavis") (collectively "Defendants") dated July 30, 2007 (Purdue and Defendants collectively referred to as "parties") including KV Pharmaceutical Company, and it appearing to the Court that a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure is necessary and appropriate and will facilitate discovery, IT IS HEREBY ORDERED THAT:

1. Any party or non-party producing material or information in this litigation, hereafter referred to as a "producing party," may designate such material or information as "Confidential Information" or "Confidential Information – Attorneys Only" as provided in this Protective Order.

2. As hereinafter used, the term "Confidential Information" means material or information not known to the general public which is produced in this litigation by a producing party, which the producing party in good faith considers to

2

constitute or contain trade secrets or other confidential research and development, know-how, proprietary data or commercial information or which the party is under an obligation to a third party to maintain as confidential and which is designated as "Confidential Information" in the manner described herein. "Confidential Information" shall include all such information so designated, whether revealed during a deposition, in a document, in an interrogatory response, in other discovery requests or responses (including responses to requests to admit), by production of tangible material or otherwise made available to counsel for any party in this litigation, and shall also include all summaries, abstracts, memoranda, or other documents containing Confidential Information.

        3.      As hereinafter used, the term "Confidential Information – Attorneys Only" means "Confidential Information" as defined in this Protective Order, which the producing party in good faith considers to concern (a) pending patent applications, (b) technical or business information regarding controlled-release opioid products other than a commercialized product or a generic of a commercialized product, (c) financial data, current and future business plans and marketing information for any products, or (d) costs of manufacture, costs of goods sold and profitability information for any products. The information described in this paragraph shall be designated as "Confidential Information – Attorneys Only" in the manner described herein. Each party shall use good faith in classifying documents as Confidential Information – Attorneys Only.

        4.      The terms of this Protective Order shall be applicable to any material or information produced in discovery by a non-party that is designated by such

3

non-party or by a party hereto as Confidential Information or Confidential Information – Attorneys Only.

5.  Any document or portion thereof, including any transcript, exhibit, answer to interrogatory, other discovery request or response, affidavit, brief, memorandum, other paper or thing filed with the Court or any copy thereof, as well as any physical object, recording or thing, that a producing party believes to contain Confidential Information or Confidential Information – Attorneys Only shall be so designated by stamping or otherwise applying thereto the designation:

CONFIDENTIAL INFORMATION

Purdue v. Actavis/KV

or

CONFIDENTIAL INFORMATION

Purdue v. Mallinckrodt

for Confidential Information, and:

CONFIDENTIAL INFORMATION – ATTORNEYS ONLY

Purdue v. Actavis/KV

or

CONFIDENTIAL INFORMATION – ATTORNEYS ONLY

Purdue v. Mallinckrodt

for Confidential Information – Attorneys Only, in which case such designated document and the information contained therein shall be treated in accordance with the terms of this Protective Order. Information, documents, articles and things previously produced under protective orders in other cases that bear appropriate confidentiality markings from such other cases, including documents produced by Purdue in

(i) <u>Purdue Pharma L.P. et al.</u> v. <u>Boehringer Ingelheim GmbH et al.</u> (No. 99 Civ. 3658 (SHS)) ("<u>Purdue</u> v. <u>Boehringer</u>") bearing the designation:

CONFIDENTIAL INFORMATION

<u>Purdue</u> v. <u>Boehringer</u>

for Confidential Information, and:

CONFIDENTIAL INFORMATION – ATTORNEYS ONLY

<u>Purdue</u> v. <u>Boehringer</u>

for Confidential Information – Attorneys Only,

(ii) <u>Purdue Pharma L.P. et al.</u> v. <u>Endo Pharmaceuticals, Inc. et al.</u> (Nos. 00 Civ. 8029 (SHS), 01 Civ. 2109 (SHS), and 01 Civ. 8177 (SHS)) ("<u>Purdue</u> v. <u>Endo</u>") bearing the designation:

CONFIDENTIAL INFORMATION

<u>Purdue</u> v. <u>Endo</u>

for Confidential Information, and:

CONFIDENTIAL INFORMATION – ATTORNEYS ONLY

<u>Purdue</u> v. <u>Endo</u>

for Confidential Information – Attorneys Only, and

(iii) <u>Purdue Pharma L.P. et al.</u> v. <u>Impax Laboratories, Inc.</u> (Nos. 02 Civ. 2803 (SHS), 02 Civ. 7569 (SHS), and 02 Civ. 8036 (SHS)) ("<u>Purdue</u> v. <u>Impax</u>") bearing the designation:

CONFIDENTIAL INFORMATION

<u>Purdue</u> v. <u>Impax</u>

for Confidential Information, and:

CONFIDENTIAL INFORMATION – ATTORNEYS ONLY

<u>Purdue</u> v. <u>Impax</u>

for Confidential Information – Attorneys Only need not be stamped again; however, such material produced in this litigation will be treated as Confidential Information or Confidential Information – Attorneys Only in accordance with the terms of this Protective Order.

6. All Confidential Information or Confidential Information – Attorneys Only not reduced to documentary, tangible or physical form or which cannot be conveniently designated pursuant to Paragraph 5 shall be designated by the producing party by informing all receiving parties in writing.

7. "Qualified Person," as used herein in reference to <u>Confidential Information</u>, shall mean:

    (a)    any attorney appearing of record or of counsel in this case and their employees;

    (b)    any independent technical, financial or legal expert, independent consultant or independent testing personnel and their employees serving such attorneys for the purposes of this case;

    (c)    any paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting or clerical personnel serving such attorneys for the purposes of this case;

    (d)    Purdue employees:

        i.    Richard W. Silbert, Esq.

        ii.    Philip C. Strassburger, Esq.

        iii.    Rachel S. Kreppel, Esq.

        iv.    Stephen C. Harris, M.D.

(e)     KV employees:[KV TO INSERT];

(f)     Mallinckrodt employees:

       i.     Jeffrey S. Boone, Esq.;

       ii.     Donald A. Lohman, Esq.;

       iii.     C. Stephen Kreigh, Esq.;

       iv.     John Griffin, Esq.;

       v.     Donald Webber, Esq.;

       vi.     Vishal Gupta, Ph.D.;

(g)     Actavis employees:

       i.     Lisa Graver, Esq.

       ii.     Ashok Nigalaye; and

(h)     the Court and its personnel,

who shall have read this Protective Order and, if required thereby, who shall have signed a statement of the type described in Paragraph 11 hereof. No other person shall become such a Qualified Person without prior leave of Court or prior written consent of the producing party with respect to that party's Confidential Information.

    8.     "Qualified Person," as used herein in reference to <u>Confidential Information – Attorneys Only</u>, shall mean:

(a)     any outside attorney appearing of record or of counsel in this case and their employees;

(b)     any independent technical, financial or legal expert, independent consultant or independent testing personnel and their employees serving such attorneys for the purposes of this case;

(c)     any paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting or

7

clerical personnel serving such attorneys for the purpose of this case;

(d) Purdue employees:

    i. Richard W. Silbert, Esq.

    ii. Rachel S. Kreppel, Esq.

(e) KV employees:[KV TO INSERT];

(f) Mallinckrodt employees:

    i. Jeffrey S. Boone, Esq.;

    ii. Donald A. Lohman, Esq.

(g) Actavis employees:

    i. Lisa Graver, Esq.; and

(h) the Court and its personnel,

who shall have read this Protective Order and, if required thereby, who shall have signed a statement of the type described in Paragraph 11 hereof. No other person shall become such a Qualified Person without prior leave of Court or prior written consent of the producing party with respect to that party's Confidential Information – Attorneys Only.

9. All Confidential Information and Confidential Information – Attorneys Only shall be available only to Qualified Persons in the appropriate category, shall be retained by them in strictest confidence and shall not be disclosed to any other person except in strict accordance with this Protective Order without the prior written consent of the producing party or of the Court. All produced Confidential Information shall be carefully maintained so as to preclude access by anyone who is not a Qualified Person.

10. Confidential Information and Confidential Information – Attorneys Only may be used only for the purposes of this litigation and may not be used in, or to

8

form the basis for, any other proceeding or litigation. In particular, receiving parties shall not disclose, transmit or otherwise reveal to any other party (with the exception of a party in the above-captioned actions) any Confidential Information or Confidential Information – Attorneys Only.

11. All Qualified Persons shall be given a copy of this Protective Order prior to being shown any Confidential Information or Confidential Information – Attorneys Only. The provisions of this Protective Order shall be explained to any Qualified Persons who are not attorneys by an attorney for the party showing such information. Each such person, prior to having access to said Confidential Information or Confidential Information – Attorneys Only, shall agree not to disclose any Confidential Information to anyone who is not a Qualified Person in the appropriate category, shall agree not to make use of any such Confidential Information or Confidential Information – Attorneys Only other than for the purposes of this litigation, and shall agree to be subject to the jurisdiction of the United States District Court for the Southern District of New York with respect to any issue arising out of this Protective Order. Each such person identified in Paragraphs 7(b) and 8(b) shall also state in writing that he or she understands the terms of this Protective Order and agrees to comply with and be bound by it, in an UNDERTAKING as annexed hereto as EXHIBIT A.

12. Before Confidential Information or Confidential Information – Attorneys Only is disclosed to a proposed Qualified Person under Paragraphs 7(b) and 8(b), the party seeking to disclose that information shall notify all producing parties with respect to that information in writing of the identity of the proposed Qualified Person, the category of information to be provided to such person and provide the proposed Qualified Person's executed Undertaking and curriculum vitae by facsimile or e-mail. No

Confidential Information or Confidential Information – Attorneys Only may be shown to the proposed Qualified Person so identified for seven (7) business days following receipt of such notice.

      (a) Within seven (7) business days following receipt of such notice, any producing party may object to the person proposed for approval. Failure to object within this seven (7) business day period to the person proposed shall be deemed approval, but shall not preclude a producing party from later objecting to continued access by that person on the basis of subsequently learned facts. If objection is made, no Confidential Information or Confidential Information – Attorneys Only shall be disclosed to the designated person until the producing party withdraws its objection, or until the Court orders otherwise in accordance with provisions of subparagraph (b) of this paragraph.

      (b) If the producing party so objects, the producing party and party seeking approval shall, within five (5) business days from the date of the mailing of the notice of objection, confer and attempt to resolve the dispute. At that conference, the producing party shall inform the party seeking approval of its reasons for objecting to the designated person. If the parties cannot resolve the dispute, or if the conference does not take place, then the party seeking approval may move the Court for an appropriate order. There shall be no disclosure to the designated person until the Court has ruled upon the motion, and then only in accordance with the ruling so made.

      13.    In the event that counsel for a party deems it necessary to disclose any Confidential Information or Confidential Information – Attorneys Only of a producing party to any person not specified in Paragraphs 7 and 8 as qualified to receive such information, said counsel shall notify counsel for the producing party in writing of (a) the information or documents to be disclosed, (b) the person(s) to whom such

disclosure is to be made, and (c) the reason(s) for such disclosure, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the party wishing to make such disclosure shall request permission to do so, or shall file an appropriate motion with the Court. In the event of such a request or motion, the Court shall rule as to whether such disclosure may be made at all and, if so, whether any restriction or limitation shall be placed on such disclosure.

14. Should any Confidential Information or Confidential Information – Attorneys Only be disclosed, through inadvertence or otherwise, to any person not authorized pursuant to the terms of this Protective Order, the disclosing party shall (a) use its best efforts to obtain the return of any such Confidential Information or Confidential Information – Attorneys Only; (b) promptly inform such person of all provisions of this Protective Order; (c) identify such person immediately to the party or non-party that designated the Confidential Information or Confidential Information – Attorneys Only; and (d) request such person to sign an UNDERTAKING in the form attached hereto as EXHIBIT A. The executed UNDERTAKING shall promptly be served upon counsel of record for the party or upon the third party that designated the Confidential Information or Confidential Information – Attorneys Only. Execution of an UNDERTAKING under such circumstances shall in no way serve to convert the person signing such UNDERTAKING into a Qualified Person. Moreover, compliance with the terms of this paragraph shall in no way serve to relieve a person responsible for such unauthorized disclosure from any liability for such unauthorized disclosure.

15. A person not otherwise a Qualified Person under Paragraphs 7 and 8 may be interviewed, may be examined as a witness at deposition or at trial, and may

testify concerning any Confidential Information or Confidential Information – Attorneys Only as follows:

    (a)    a present employee of a party may be interviewed and examined and may testify concerning any Confidential Information or Confidential Information – Attorneys Only of that party;

    (b)    a former employee of a party may be interviewed and examined and may testify concerning any Confidential Information or Confidential Information – Attorneys Only which was produced by that party and within the possession, custody or control of that party at any time during the employment of the former employee;

    (c)    a present or former consultant to a party may be examined and may testify concerning any Confidential Information or Confidential Information – Attorneys Only produced by that party which was communicated to such consultant; and

    (d)    a non-party who has had any contact or relationship with any party may be interviewed and examined and may testify

        i.    concerning any document produced by that non-party;

        ii.    concerning any document containing Confidential Information or Confidential Information – Attorneys Only which appears on its face to have been communicated between the non-party and the producing party; and

        iii.    concerning any Confidential Information or Confidential Information – Attorneys Only of a producing party which documentary or testimonial evidence establishes was communicated between the non-party and the producing party.

Notwithstanding the foregoing, nothing in this paragraph is to be construed so as to prohibit or impede the examination of any Qualified Person at deposition or at trial.

Nothing in this Order is intended to obviate or obviates a former employee's or consultant's confidentiality obligations to his former employer or client.

16. Counsel for a party producing documents may redact specific material which is subject to the attorney-client privilege or work product immunity. The deletion of all material redacted shall be clearly indicated by visibly marking the document with the word "REDACTED" or with a solid black line where material has been deleted if the deletion is not otherwise readily apparent on the face of the document. The material redacted shall also be described in a privilege log.

17. All documents of any nature that are filed with the Court for any purpose and that contain Confidential Information or Confidential Information – Attorneys Only shall be filed in sealed envelopes or other sealed containers that are marked with the caption of the litigation, that identify each document and thing contained therein and that bear a statement substantially in the following form:

"CONFIDENTIAL"
"This envelope contains Confidential Information and is not to be opened, nor the contents thereof displayed or revealed, except by order of the Court."

18. All deposition testimony shall be treated as Confidential Information – Attorneys Only for a period not to exceed thirty (30) calendar days from the receipt of the transcript thereof unless such testimony is designated as Confidential Information or Confidential Information – Attorneys Only on the record during the deposition. In the interim, any party or a non-party deponent may designate portions of the transcript as Confidential Information or Confidential Information – Attorneys Only subject to Paragraphs 2 and 3 hereof by providing such designations in writing to all other parties. Thereafter, deposition testimony designated as Confidential Information or Confidential Information – Attorneys Only on the record or in writing shall continue to

13

be treated as Confidential Information or Confidential Information – Attorneys Only in accordance with the terms of this Protective Order.

19.     Nothing herein shall be construed (a) as preventing any party from using or continuing to use its own Confidential Information without restriction or any information that, at the time of the disclosure, is publicly known through no unauthorized act of such party, or (b) as preventing a party from using or continuing to use any information known or used by it if such information was lawfully obtained by the party other than through discovery of the producing party. Should a dispute arise as to any specific information or material, the burden shall be upon the party claiming such information or material is or was publicly known or was lawfully obtained other than through discovery of the producing party.

20.     Nothing in this Protective Order constitutes an admission of a party that any information designated as "Confidential Information" or "Confidential Information – Attorneys Only" does in fact constitute a trade secret or proprietary information or constitutes an agreement or admission with respect to the competency, relevance or materiality of any such information. Nothing herein shall prevent any party from contending, during the progress of this litigation, that any or all designated Confidential Information or Confidential Information – Attorneys Only is not confidential. Grounds for such a contention may include that such designated Confidential Information or Confidential Information – Attorneys Only is or was publicly known at or prior to disclosure thereof in this litigation, that such designated Confidential Information or Confidential Information – Attorneys Only, after disclosure thereof, has become public knowledge as a result of lawful publication by an independent source who obtained the information lawfully, that such designated Confidential Information or

14

Confidential Information – Attorneys Only was previously known by the receiving party or that such designated Confidential Information or Confidential Information – Attorneys Only was later obtained in good faith by the receiving party from an independent source who obtained the information lawfully. Any party may request the party that designated information as Confidential Information or Confidential Information – Attorneys Only to remove that designation. Such a request shall be in writing, stating the grounds therefor, and shall be served on counsel for the party who designated the information as Confidential Information or Confidential Information – Attorneys Only. Within fifteen (15) days after receipt of such notice, an objection for good cause may be served on the requesting party. Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing or information under this Protective Order. If the designating party objects in a timely fashion, that objection may thereafter be resolved by agreement of the requesting party and the designating party, or by the Court, upon a motion filed by the requesting party. The requesting party shall have the burden of establishing the need for removing the confidential designation. The designated material shall continue to be treated as Confidential Information or Confidential Information – Attorneys Only until the issue is resolved by Order of the Court or by agreement of the parties.

21. Nothing in this Protective Order shall prevent a party from using at a deposition, trial or other hearing in this litigation any information designated as Confidential Information or Confidential Information – Attorneys Only. However, the party that produced such information may request that the portion of such proceeding where use thereof is to be made be held *in camera*, with access thereto limited to Qualified Persons under this Protective Order. To the extent that the Court grants any

such request, such Confidential Information or Confidential Information – Attorneys Only shall continue to be treated in accordance with the terms of this Protective Order.

22. (a) The inadvertent or unintentional failure by a producing party to designate specific documents or information as containing Confidential Information or Confidential Information – Attorneys Only shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality as to such documents or information. Upon notice of such failure to designate, all receiving parties shall cooperate to restore the confidentiality of the inadvertently disclosed documents or information, without prejudice.

(b) If a producing party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to any attorney-client privilege, work product immunity or any other privilege or immunity from production, such production shall not be deemed a waiver, and the producing party may give written notice to all receiving parties that the document or information so produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, all receiving parties shall immediately undertake to gather the original and all copies of the document or information and shall immediately return the original and all such copies to the producing party. Return of such documents or information to the producing party shall not preclude any receiving party from later moving to compel production of the returned documents or information, but any such motion shall not rely upon in any manner or assert as a ground the fact or circumstances of the inadvertent production; nor shall it disclose the substance of the inadvertently produced material except to the extent that an *in camera* inspection of the materials is requested.

      (c) Documents or information produced in the above-captioned cases or in a prior case subject to an agreement that such production would not constitute a waiver of the attorney-client privilege, work product immunity or any other privilege or immunity from production, shall not be deemed a waiver, and the parties agree not to assert a waiver.

    23. Each party agrees to give to the producing party or non-party prompt notice of the receipt of a subpoena or other lawful process that calls for the production of Confidential Information or Confidential Information – Attorneys Only received from that producing party or non-party.

    24. On final determination of this litigation, each party, each Qualified Person or each other person subject to the terms hereof shall, within sixty (60) calendar days, assemble and destroy or return to the producing party all materials, documents and things constituting Confidential Information or Confidential Information – Attorneys Only, all copies, summaries and abstracts thereof and all other materials, memoranda or documents constituting or containing Confidential Information or Confidential Information – Attorneys Only. If destroyed, such party, Qualified Person or person shall certify to the producing party, within sixty (60) calendar days, the destruction of all such materials. Counsel for each party can retain archive copies of pleadings, motion papers, written discovery responses (e.g., interrogatory responses and answers to requests for admission), and correspondence that include Confidential Information or Confidential Information – Attorneys Only.

    25. Any party for good cause may apply to the Court for a modification of this Protective Order.

26. The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this litigation (including any appeals).

August 7, 2007
So ordered
Sidney H Stein
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>OXYCONTIN ANTITRUST LITIGATION | 04-md-1603 (SHS)<br>This document relates to: |
| PURDUE PHARMA L.P.,<br>THE P.F. LABORATORIES, INC., and<br>PURDUE PHARMACEUTICALS L.P.,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>    v.<br><br>KV PHARMACEUTICAL COMPANY and<br>ACTAVIS TOTOWA LLC,<br><br>    Defendants and Counterclaim Plaintiffs,<br><br>    v.<br><br>THE PURDUE FREDERICK COMPANY,<br>THE PURDUE PHARMA COMPANY, and<br>EUROCELTIQUE S.A.,<br><br>    Counterclaim Defendants. | Civil Action No.: 1:07 Civ. 03972 (SHS) |
| PURDUE PHARMA L.P.,<br>THE P.F. LABORATORIES, INC., and<br>PURDUE PHARMACEUTICALS L.P.,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>    v.<br><br>KV PHARMACEUTICAL COMPANY,<br><br>    Defendant and Counterclaim Plaintiff,<br><br>    v.<br><br>THE PURDUE FREDERICK COMPANY,<br>THE PURDUE PHARMA COMPANY, and<br>EUROCELTIQUE S.A.,<br><br>    Counterclaim Defendants. | Civil Action No.: 1:07 Civ. 03973 (SHS)<br><br>Civil Action No.: 1:07 Civ. 04810 (SHS) |

| | |
|---|---|
| PURDUE PHARMA L.P.,<br>THE P.F. LABORATORIES, INC., and<br>PURDUE PHARMACEUTICALS L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>MALLINCKRODT INC.,<br><br>Defendant. | Civil Action No. 1:06 Civ. 13095<br>(SHS)<br><br><br>**UNDERTAKING** |

STATE OF _____ )
                                ) ss.:
COUNTY OF_____ )

### UNDERTAKING

I, _____, being duly sworn, hereby state that I have received and read a copy of the Stipulated Protective Order Under Rule 26(c) ("Protective Order") in the above-captioned cases and that I understand its terms. I hereby agree to comply with and be bound by the terms of this Protective Order, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to any issue arising out of this Protective Order.

Dated this \_\_\_\_\_ day of _____,
200\_\_.

_____
(Signature)

                                       Subscribed and sworn to before me this
                                       \_\_\_\_\_ day of _____, 200\_

                                       _____
                                       Notary Public